[849 NYS2d 451]

In the Matter of Peter A. Gioia (Admitted as Peter Anthony Gioia), a Suspended Attorney, Respondent. Grievance Committee for the Tenth Judicial District, Petitioner.

Second Department, January 29, 2008

## APPEARANCES OF COUNSEL

*Rita E. Adler,* Hauppauge (*Mitchell T. Borkowsky* of counsel), for petitioner.

*Stephen M. Schaedtler*, Patchogue, for respondent.

## OPINION OF THE COURT

Per Curiam.

The Grievance Committee for the Tenth Judicial District (hereinafter the Grievance Committee) served the respondent with a petition dated February 2, 2007, containing 10 charges of professional misconduct predicated upon the conduct described in the motion to suspend him.

In lieu of an answer, the respondent submitted an affidavit of resignation.

In his affidavit, the respondent acknowledges that he cannot successfully defend himself on the merits of any of the charges contained in the petition. He avers that his resignation is freely and voluntarily tendered and that he is not being subjected to coercion or duress by anyone. He has discussed his decision to resign with persons whose advice and counsel he respects and is fully aware of the consequences of its submission, including being barred by Judiciary Law § 90 from seeking reinstatement for at least seven years.

The respondent's resignation is submitted subject to any application which could be made by the Grievance Committee for an order directing that he make restitution and that he reimburse the Lawyers' Fund for Client Protection, pursuant to Judiciary Law § 90 (6-a). He acknowledges the continuing jurisdic-

tion of the Court to make such an order, which could be entered as a civil judgment against him, and he specifically waives the opportunity afforded him by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

By letter dated July 27, 2007, the Grievance Committee expressed support for the Court's acceptance of the proffered resignation, as in the best interests of the public. It viewed the proffered resignation as the most expeditious way to conclude this matter in order to save the Court's time and expense while protecting the public.

Inasmuch as the resignation complies with all pertinent court rules, it is accepted and, effective immediately, the respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law.

The disciplinary proceeding previously authorized against the respondent in the decision and order on motion of this Court dated June 11, 2007, is discontinued in light of his resignation.

PRUDENTI, P.J., CRANE, RIVERA, MILLER and McCARTHY, JJ., concur.

Ordered that the resignation of Peter A. Gioia, admitted as Peter Anthony Gioia, is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Peter A. Gioia, admitted as Peter Anthony Gioia, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Peter A. Gioia, admitted as Peter Anthony Gioia, shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Peter A. Gioia, admitted as Peter Anthony Gioia, is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if Peter A. Gioia, admitted as Peter Anthony Gioia, has been issued a secure pass by the Office of Court

Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f); and it is further,

Ordered that the disciplinary proceeding authorized in the decision and order on motion of this Court dated June 11, 2007, is discontinued.